■ RAG AMERICAN COAL COMPANY, Respondent, v CYPRUS AMAX MINERALS COMPANY et al., Appellants. [750 NYS2d 284] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about March 15, 2002, which, after a hearing, denied defendants' motion to disqualify plaintiff's general counsel, and order, same court and Justice, entered April 19, 2002, which, insofar as appealed from, denied defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss plaintiff's causes of action for breach of contract and fraud, unanimously affirmed, with costs.

By "Stock Purchase and Sale Agreement" dated May 12, 1999, plaintiff RAG American Coal Company (RAG) contracted to acquire Cyprus Amax Coal Company (Coal) from defendants.

At the time, defendant Amax Energy, Inc. owned 100% of Coal's stock and defendant Cyprus Amax Minerals Company (Cyprus) was Amax's parent company. The RAG attorney that Cyprus wants disqualified, Greg Walker, RAG's general counsel, had been, before the acquisition, a member of Cyprus's law department who devoted substantially all of his time to Coal-related matters, and, although on Cyprus's payroll, Coal was charged for his work. Given that the transfer of Coal's management was an inducement for RAG's acquisition of Coal, Cyprus could not have reasonably expected that Walker would withhold from RAG information imparted to him by Cyprus when Coal and Cyprus were jointly represented by the same corporate law department (*see Meyers v Lipman*, 284 AD2d 207). Accordingly, Cyprus's motion to disqualify Walker was properly denied.

RAG's cause of action for breach of contract was properly sustained on the ground that the contract is ambiguous as to whether it permits RAG to pursue a judicial remedy for the alleged false statements contained in the financial statements made part of the acquisition agreement. A contract should be interpreted to give full meaning and effect to all of its provisions (*see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403). If section 9.5.4, which provides that Cyprus cannot be held liable and RAG cannot sue for any losses arising from or related to any matter reflected in the financial statements, were interpreted to deprive RAG of a judicial remedy, it would render meaningless Cyprus's warranty of the financial statements in section 3.2.10 and the indemnification provisions in sections 9.1 and 9.2, which make Cyprus liable for all of RAG's losses arising out of or resulting from the breach or inaccuracy of any representations or warranties in the agreement, for up to 24 months after the closing. Section 2.2.2, which gives RAG 105 days from the closing to object to Cyprus's figures, including those in the financial statements, and to seek a postclosing adjustment of the purchase price based on such objections, does not necessarily nullify the warranty, which survives for a longer period.

RAG's fraud claim was also properly sustained. Unlike *Varo, Inc. v Alvis PLC* (261 AD2d 262, *lv denied sub nom. IMO Indus. v Alvis PLC*, 95 NY2d 767), the fraud claim, which alleges that Cyprus withheld documents and other information essential to determine the true extent of Coal's liabilities, is not based solely on inaccuracies in financial statements alleged in the contract claim (*see VTech Holdings Ltd. v Lucent Tech., Inc.*, 172 F Supp 2d 435, 439-440 [SD NY], citing, inter alia, *Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112; *Freedman v Pearlman*, 271 AD2d 301, 304).

We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Marlow, JJ.